IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Administrative Subpoena No. 25-1431-014 | |

**OPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Civil Rules 5.1.2(7) and 5.1.5, Respondent, The Children's Hospital of Philadelphia ("Respondent"), by and through its undersigned counsel, hereby moves this Court for an order granting leave to file under seal its Motion to Limit Subpoena, Memorandum in Support of Motion to Limit Subpoena and Exhibits thereto, and this Motion to File Documents Under Seal and accompanying Memorandum of Law.

The documents discuss the issuance of an Administrative Subpoena to Respondent pursuant to 18 U.S.C. § 3486, the disclosure of which Respondent asserts would cause significant and irreparable injury to Respondent and its patients. Specifically, disclosure will reveal the existence of a confidential subpoena and "violate [the] privacy interests" of Respondent's patients and their families, causing them substantial distress. *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995). Furthermore, the documents discuss sensitive and confidential information which, if disclosed, would result in threats to public safety. *See Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (citing Plaintiff's "physical safety" when granting motion to seal).

The Department of Justice opposes this motion.

WHEREFORE, for these reasons and those described in the accompanying Memorandum of Law, Respondent respectfully requests that this Court enter an Order

granting this Motion to File Documents Under Seal. Respondent has presented the documents to be sealed to the Clerk of Court for filing by email in accordance with the Court's procedures.

A proposed form of Order has been contemporaneously filed herewith.

Respectfully submitted,

/s/ *Lawrence G. McMichael*
Lawrence G. McMichael (Pa. ID 28550)
Nina C. Spizer (Pa. ID 82443)
Dilworth Paxson LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103
(215) 575-7000
lmcmichael@dilworthlaw.com
nspizer@dilworthlaw.com

Martine E. Cicconi * *Pro Hac Vice pending*
Charles F. Connolly * *Pro Hac Vice pending*
Raphael R. Prober * *Pro Hac Vice pending*
Akin Gump Strauss Hauer & Feld
2001 K ST, N.W.
Washington, D.C., 20006
Tel: 202-887-4024
mcicconi@akingump.com
cconnolly@akingump.com
rprober@akingump.com

*Attorneys for Respondent,*
*The Children's Hospital of Philadelphia*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Administrative Subpoena 25-1431-014 | Case No.<br><br>Assigned To<br><br>Date Action Filed:   July 8, 2025 |

### MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO SEAL

On July 8, 2025, Children's Hospital of Philadelphia ("CHOP") through its attorneys filed before this Court a Motion to Limit ("Motion to Limit") a Subpoena issued to CHOP pursuant to 18 U.S.C. § 3486.  CHOP requests that the Motion to Limit and all supporting papers be filed under seal and provides this Memorandum in support of its Motion to Seal.  CHOP also requests that the Motion to Seal and this Memorandum be filed under seal for the same reasons.

### BACKGROUND

On June 12, 2025, the United States Department of Justice ("DOJ") issued an administrative subpoena *duces tecum* to CHOP under the authority of section 248 of the Health Insurance Portability & Accountability Act of 1996 ("HIPAA"), 18 U.S.C. § 3486 ("the Subpoena").  As described in CHOP's Memorandum in Support of the Motion to Limit ("Mem. in Supp."), the Subpoena sought, among other things, sensitive records regarding patients who sought treatment for gender dysphoria.  Mem. in Supp. at 7 - 8.  The Subpoena specifically requested patients' identifying information, documents related to their clinical assessments, diagnoses, and treatment, and documents related to informed consent.  *Id.*

On July 8, 2025, CHOP moved to limit the Subpoena to exclude demands for records that contain its patients' health information.

In moving to seal, CHOP is seeking to protect the privacy interests of its patients and their families and to avoid unnecessarily alarming them about the prospect of sensitive records being disclosed. CHOP is also concerned about the safety of its personnel and any implications to be drawn from revelations about DOJ's investigation.

## LEGAL STANDARD

A party moving to seal filings must demonstrate that "good cause" exists. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994). The moving party "'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir.2001) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir.1994)). In assessing whether sealing is appropriate, the court will consider the following factors:

> 1) Whether disclosure will violate any privacy interests; 2) whether the information is being sought for a legitimate purpose or an improper purpose; 3) whether disclosure of the information will cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety; 5) whether the sharing of information among litigants will promote fairness and efficiency; 6) whether a party benefiting from the order of confidentiality is a public entity or official; and 7) whether the case involves issues important to the public.

*Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995) (citing *Pansy*, 23 F.3d at 787–91). These factors "are neither mandatory nor exhaustive." *Id.* A court has discretion to "evaluate the competing considerations in light of the facts" of a specific case. *Pansy,* 23 F.3d at 789.

## ARGUMENT

As a preliminary matter, DOJ issued this Subpoena under the authority of 18 U.S.C. § 3486, which is a hybrid subpoena that allows DOJ to bring either criminal or civil charges. *See Mo. Baptist Med. Ctr. v. U.S. Dep't of Just.*, No. 4:22-MC-871 RLW, 2023 WL 315021, at *2 (E.D. Mo. Jan. 19, 2023) ("Section 3486 administrative subpoenas may…be issued in

2

investigations concerning…[certain] federal criminal offenses."). Because CHOP's Motion to Limit and supporting documents reveal the existence of the hybrid subpoena, it is appropriate to analogize to the grand-jury context in which subpoenas are kept confidential pursuant to Rule (6)(e). *See United States v. Mariani*, 7 F. Supp. 2d 556, 565 (M.D. Pa. 1998) (citing Fed.R.Crim.P. 6(e)(6) and noting that grand jury subpoenas are required to be kept confidential).

Turning to the *Pansy* factors and the specific facts of this case, "disclosure [of the Motion to Limit and accompanying documents] will work a clearly defined and serious injury" to CHOP, its patients, their families and, potentially, the public at large. *In re Cendant Corp.*, 260 F.3d at 194.

Here, revelation of the Motion to Limit will necessarily reveal the existence of the Subpoena, thereby, "violat[ing] [the] privacy interests" of CHOP's patients and their families and causing them substantial distress.[1] *Glenmede*, 56 F.3d at 483; *see also Franklin v. Curtin*, No. 07-10548, 2011 WL 2517659, at *1, *2 (E.D. Mich. June 24, 2011) (granting the motion to seal photographs of a crime scene to avoid causing distress to the victims' family). The Subpoena seeks the highly personal and private health records of patients who have received treatment for gender dysphoria from CHOP. Mem. in Supp. at 7 - 8. As explained in the Mem. in Supp., such patients "'harbor substantial fears that they are being surveilled or targeted for exposure by opponents of the treatment'—fears that have worsened as prominent government officials have publicly espoused the position that such treatment is tantamount to 'maiming' and 'mutilation.'" *Id.* at 13 (quoting Hawkins & Dowshen Decl. ¶ 13). "'[These] fear[s] will deter [patients] from participating in the activities that are hallmarks of a happy childhood—school, clubs and other

---

[1] The DOJ's own internal guidelines also recognize the importance of "not confirm[ing] the existence of or otherwise comment about ongoing investigations." Justice Manual § 1-7.400(B) (U.S. Dep't of Just. Apr. 2018), https://www.justice.gov/jm/jm-1-7000-media-relations.

extracurricular activities—out of concern that they will be singled out for being transgender.'" *Id.* at 14 (quoting Hawkins & Dowshen Decl. ¶ 13). "'The mere fact that DOJ has requested detailed information about the treatment they received through [CHOP's Gender & Sexuality Development] Program will exacerbate patients' fears of being targeted, potentially leading them to further withdraw from public spaces and compromising their ability to live rich, full lives.'" *Id.* at 14 (quoting Hawkins & Dowshen Decl. ¶ 13). It could also chill their willingness to initiate or continue medical care at CHOP or otherwise. *See* Hawkins & Dowshen Decl. ¶ 20.

Should the Court grant the Motion to Limit the Subpoena, its order would obviate any need to cause alarm in the patient community about the possibility that records will be disclosed. Unless CHOP is able to litigate its challenge to the Subpoena under seal, that will not be possible. DOJ's opposition to sealing impedes that effort.

CHOP is also concerned about violence affecting its facilities and personnel. Historically, issues surrounding treatment for gender dysphoria in minors trigger intense emotions that unfortunately create an environment where threats of violence are commonplace. In Fall of 2022, CHOP received multiple threats targeting its Gender & Sexuality Development Clinic. Stephanie Stahl, *CHOP Increasing Security Following Threats Aimed at Transgender Clinic*, CBS News (Oct. 11, 2022).[2] The threats required CHOP to take steps to increase security and led a group of national and local medical organizations to demand that DOJ investigate. *Id.*

The threats against CHOP are not outliers; several hospitals who treat patients for gender dysphoria have also received threats in recent years. Katie O'Connor, *Gender-Affirming Clinics Subject to Onslaught of Threats, Harassment*, Psychiatry Online (Jan. 27, 2023).[3] For example,

---

[2] *Available at* https://www.cbsnews.com/amp/philadelphia/news/chop-increasing-security-following-threats-aimed-at-its-transgender-clinic/
[3] *Available at* https://psychiatryonline.org/doi/10.1176/appi.pn.2023.03.2.5

4

Boston Children's Hospital received a bomb threat related to that care in August 2022, which law enforcement officials described as one of "well over a dozen" made against the hospital. Brandy Zadrozny, Ben Collins, and Tom Winter, *FBI Charges Massachusetts Woman with Boston Children's Hospital Bomb Threat*, NBC News (Sept. 15, 2022).[4] Threats have also been directed at specific providers. Ina Fried, *Report Details Online Harassment of Trans Healthcare Providers*, Axios (Dec. 13, 2022).[5]

If this action were filed on the public docket, the attention it would draw to issues surrounding medical treatment for gender dysphoria in minors could generate additional threats. In instances where public disclosure would lead to panic or safety concerns, as is the case here, courts allow for sealing. *See Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 n.5 (3d Cir. Feb. 1, 2024) (granting unopposed motion to seal the case and citing Plaintiff's "physical safety."); *United States v. C.D.*, 848 F.3d 1286, 1288 (10th Cir. 2017) (granting Defendants' motions to seal appellate documents "[d]ue to safety concerns").

For all the foregoing reasons, CHOP is seeking sealing for a legitimate purpose, not an improper one. *Glenmede*, 56 F.3d at 483. DOJ will have complete access to all filings CHOP is seeking to seal and thus there is no concern as to fairness among litigants. *Id.* And because CHOP is not a public entity or official, that factor also does not cut against sealing. *Pansy*, 23 F.3d at 788.

---

[4] *Available at* https://www.nbcnews.com/tech/internet/fbi-charges-massachusetts-woman-boston-childrens-hospital-bomb-threat-rcna47973
[5] *Available at* https://www.axios.com/2022/12/13/online-harassment-trans-healthcare-providers-report

To be sure, the Motion to Limit the Subpoena concerns "issues important to the public." *Id.* Here, however, the privacy and public safety concerns tip the balance in favor of granting the Motion to Seal.

## CONCLUSION

The Motion to Seal should be granted.

Dated: July 8, 2025

Respectfully submitted,

/s/ *Lawrence G. McMichael*
Lawrence G. McMichael (Pa. ID 28550)
Nina C. Spizer (Pa. ID 82443)
Dilworth Paxson LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103
(215) 575-7000
lmcmichael@dilworthlaw.com
nspizer@dilworthlaw.com

Martine E. Cicconi * *Pro Hac Vice pending*
Charles F. Connolly * *Pro Hac Vice pending*
Raphael R. Prober * *Pro Hac Vice pending*
Akin Gump Strauss Hauer & Feld
2001 K ST, N.W.
Washington, D.C., 20006
Tel: 202-887-4024
mcicconi@akingump.com
cconnolly@akingump.com
rprober@akingump.com

*Attorneys for the Petitioner,*
*The Children's Hospital of Philadelphia*

## CERTIFICATE OF SERVICE

I, Lawrence G. McMichael, Attorney for Respondent, hereby certify that I have served the foregoing *Opposed Motion to Seal Documents* and *Memorandum in Support Thereof* upon the below Attorneys for Requestor via electronic mail on this day, July 8, 2025.

Brett Shumate, Assistant Attorney General -- Brett.a.shumate@usdoj.gov

Ross Goldstein – Ross.goldstein@usdoj.gov

Patrick Runkle – Patrick.r.runkle@usdoj.gov

Francisco Unger – Francisco.l.unger@usdoj.gov

Tiara Johnson – Tiara.a.johnson@usdoj.gov

Jordan Campbell – Jordan.c.campbell@usdoj.gov

/s/ Lawrence G. McMichae*l*
Lawrence G. McMichael

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| |
|---|
| In re Administrative Subpoena No. 25-1431-014 |

# S E A L I N G   O R D E R

**AND NOW**, this ___ day of July, 2025, upon consideration of the Respondent's Motion for Leave to File Documents Under Seal, it is hereby **ORDERED** that the Motion is **GRANTED**.

The Clerk shall file under seal the unredacted version of Respondent's Motion to Limit Subpoena, Memorandum of Law in Support of Motion to Limit Subpoena and Exhibits, Motion to File Documents Under Seal and accompanying Memorandum of Law.

BY THE COURT:

_____
**THE HONORABLE**
**United States District Court Judge**