**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: Administrative Subpoena 25-1431-014 | No. 25-MC-0039 |

**CONTESTED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF MOTION TO MODIFY [ECF 1]**

Pursuant to Local Civil Rule 7.1(c) and Section III(B) of this Court's Policies and Procedures, Respondent, The Children's Hospital of Philadelphia ("CHOP") moves for Leave to File Supplemental Brief in Further Support of Motion to Modify [ECF 1].

On September 22, 2025, a group of CHOP patients and their families filed a Motion to Quash the subpoena issued to CHOP that is the subject of this action ("the Subpoena") and designated their Motion as related to CHOP's Motion to Modify ("CHOP's Motion"). *See* ECF 1, No. 25-mc-54 ("Patients' Motion"). The following day, the Court issued an order stating that it would resolve the Patients' Motion consistent with its ongoing review of CHOP's Motion and allowing the Government to respond to the Patients' Motion by October 6, 2025. *See* ECF 6, No. 25-mc-54.

The Government filed its Opposition to the Patients' Motion as directed by this Court. In so doing, the Government presented new evidence in the form of a Declaration from Lisa Hsiao, Acting Director of the Consumer Protection Branch of the Department of Justice ("Hsiao Declaration"). *See* ECF 16, No. 25-mc-54. That Declaration includes specific allegations related to CHOP's provision of medical care to patients diagnosed with gender dysphoria. *See id.*, Ex. at

¶¶ 35-36. Those allegations are entirely new—the Government included no such Declaration in opposing CHOP's motion, nor did it reference any allegations against CHOP.[1]

In addition to relying on the Hsiao Declaration in its analysis of the factors enumerated under *United States v. Westinghouse Electric Corp.*, 638 F.2d 530 (3d. Cir. 1980) (*see* ECF 16 at 13-14, No. 25-mc-54), the Government presses new arguments in that analysis as compared to its Opposition to CHOP's Motion. Specifically, the Government has altered its approach to Factor 5 of the *Westinghouse* test. In response to CHOP's Motion, the Government contended that 18 U.S.C. § 3486 "broadly prohibits the government from using or disclosing 'health information about an individual' that is obtained via [a HIPAA] subpoena" and argued that CHOP failed to establish that "the Government will not follow the HIPAA statute in this matter." *See* ECF 13 at 8-9 (quoting 18 U.S.C. § 3486(e)(1)). The Government now abandons any argument that HIPAA itself prohibits disclosure, relying instead on the general terms of the Privacy Act, 5 U.S.C. § 552a, and the presumption that the Government honors its confidentiality obligations. *See* ECF 16 at 16, No. 25-mc-54; *see also In re UPMC Subpoena*, 25-cv-01069-CB, No. 27 at 19-21 (W.D. Pa. 2025) (expanded new Factor 5 argument).

Because the Government did not file the Hsiao Declaration or present its new arguments when it Opposed CHOP's Motion (and did not avail itself of the Court's allowance to file a sur reply), those new arguments and evidence should not be considered by the Court in resolving CHOP's Motion. If, however, the Court might take into consideration the Government's late-filed evidence and arguments in deciding CHOP's Motion, CHOP respectfully requests that the Court grant it leave to respond.

---

[1] Moreover, the new allegations the Government makes have already evolved. When the Declaration was first filed, Ms. Hsiao stated, under oath, that "[t]he Government is . . . aware of a lawsuit filed just this year that details very concerning allegations" involving a former CHOP patient. But without explanation, and without any notice to CHOP, the Government replaced its filing (after the deadline), omitting the reference to a lawsuit. ECF 16, Ex. ¶ 36; *see* Dkt. Entry 16 (noting "Attachment 1 replaced on 10/7/2025 with permission from Chambers").

Counsel for CHOP has conferred with counsel for the Government, who indicated that the Government opposes the relief sought in this Motion.

.

DATED: October 7, 2025  **DILWORTH PAXSON LLP**

/s/ *Lawrence G. McMichael*
Lawrence G. McMichael (Pa. ID 28550)
Nina Spizer (Pa. ID 82443)
Timothy J. Ford (Pa. ID 325290)
1650 Market Street, Suite 1200
Philadelphia, PA 19103
Tel.: 215-575-7000
Fax: 215-754-4603
lmcmichael@dilworthlaw.com
nspizer@dilworthlaw.com
tford@dilworthlaw.com

Martine E. Cicconi * Admitted Pro Hac Vice
Charles F. Connolly * Admitted Pro Hac Vice
Raphael R. Prober * Admitted Pro Hac Vice
Akin Gump Strauss Hauer & Feld
2001 K ST, N.W.
Washington, D.C., 20006
Tel: 202-887-4024
mcicconi@akingump.com
cconnolly@akingump.com
rprober@akingump.com

*Attorneys for Respondent,*
*The Children's Hospital of Philadelphia*