**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: Subpoena No. 25-1431-014** | Case No. 25-mc-0039-MAK <br><br> Assigned To Judge Mark A. Kearney <br><br> Date Action Filed:   July 8, 2025 |

**RESPONSE TO GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Subpoena recipient Children's Hospital of Philadelphia ("CHOP") responds to the Government's Notice of Supplemental Authority filed on November 10, 2025, regarding *Trump v. Orr*, 607 U.S. , No. 25A319 (Nov. 6, 2025) ("Slip Op.").

That Supreme Court decision has no relevance to the issues raised in CHOP's Motion to Limit the Subpoena. In *Orr*, the Supreme Court considered a challenge to "an Executive Branch policy requiring all new passports to display an individual's biological sex at birth." Slip Op. 1. The Court granted the Government's request for an emergency stay pending appeal of the district court's decision issuing a preliminary injunction against enforcement of the policy. *Id.*

In its opinion, the Court found that the Government was likely to succeed on the merits of its appeal because "[d]isplaying passport holders' sex at birth no more offends equal protection principles than displaying their country of birth" and the challengers were unlikely to show that the State Department acted arbitrarily and capriciously. *Id.* The Court further opined that, "on this record, respondents have failed to establish that the Government's choice to display biological sex 'lack[s] any purpose other than a bare . . . desire to harm a politically unpopular group.'" *Id.* (citing *Trump v. Hawaii*, 585 U. S. 667, 705 (2018) (internal quotation marks omitted).

Those rationales have no application here. CHOP does not contend that the Subpoena should be limited because it violates the Equal Protection Clause or the Administrative Procedures

1

Act. CHOP also does not argue that the Government's investigation "lack[s] any purpose other than a bare . . . desire to harm" patients suffering from gender dysphoria. *Hawaii*, 585 U. S. at 705. Rather, as the Government itself reminded the Court last week, CHOP's Motion to Limit the Subpoena raises a "*Westinghouse*-focused privacy dispute." *See* Response of the United States to CHOP's Supplemental Brief, Dkt. 37 at 4. Specifically, CHOP's Motion is premised on the extraordinary invasion of privacy the Subpoena would impose on CHOP's patients and the corresponding absence of any investigative need sufficient to justify that intrusion. *See* Supplemental Brief in Support of Motion to Limit Subpoena, Dkt. 33 at 8-9 & n.7 (justification for demanding patient information belatedly offered in Hsiao Declaration "falls apart" because the FDCA does not criminalize off-label prescription and administration of approved drugs and Declaration does not allege that CHOP providers acted outside of accepted medical practice and/or manufactured or distributed unapproved or mislabeled drugs). Because the Supreme Court did not grapple with those issues, *Orr* has no bearing on this Court's consideration of CHOP's Motion.

Respectfully submitted,

/s/ *Lawrence G. McMichael*
Lawrence G. McMichael (Pa. ID 28550)
Nina C. Spizer (Pa. ID 82443)
Timothy J. Ford (Pa. ID 325290)
Dilworth Paxson LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103

Martine E. Cicconi (Admitted *Pro Hac Vice*)
Charles F. Connolly (Admitted *Pro Hac Vice*)
Raphael R. Prober (Admitted *Pro Hac Vice*)
Akin Gump Strauss Hauer & Feld
2001 K St., N.W.
Washington, D.C. 20006

*Attorneys for Respondent,*
*The Children's Hospital of Philadelphia*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2025, the foregoing *Response to Government's Notice of Supplemental Authority* was filed, served, and made available for viewing and downloading from the C/M ECF system upon all counsel and parties of record.

/s/ *Lawrence G. McMichael*
Lawrence G. McMichael