## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: SUBPOENA NO. 25-1431-014** | **MISCELLANEOUS ACTION**<br><br>**NO. 25-39** |

## BRIEF OF THE CHILDREN'S HOSPITAL OF PHILADELPHIA
## IN SUPPORT OF MOTION TO CONFIRM JURISDICTION

Children's Hospital of Philadelphia ("CHOP") respectfully moves this Court for an order confirming it retains jurisdiction of Subpoena No. 25-1431-014 ("Subpoena") in light of recent events that raise concerns that the Department of Justice ("DOJ" or the "Department") will attempt to subvert this Court's jurisdiction by trying to withdraw its activity in this Court and the Third Circuit and initiate enforcement proceedings in the Northern District of Texas.

### BACKGROUND

Subpoena No. 25-1431-014 was issued to CHOP on June 12, 2025, pursuant to the Attorney General's authority under 18 U.S.C. 3486 to investigate "Federal healthcare offense[s]." *See* 18 U.S.C. § 3486. Following issuance of the Subpoena, counsel for CHOP had numerous conversations with DOJ attorneys in which those attorneys explained that the Department was conducting a sweeping investigation of gender-affirming healthcare in furtherance of a policy position articulated by President Donald Trump in an Executive Order and as directed in memoranda issued by then-Attorney General Pam Bondi and Assistant Attorney General for the Civil Division, Brett Shumate.[1] Those calls and meetings were attended exclusively by attorneys

---

[1] *See* Executive Order 14187, protecting Children from Chemical and Surgical Mutilation (Jan. 28, 2025); Memorandum from Pamela Bondi, Attorney General to Select Component Heads, *Preventing the Mutilation of American Children* (Apr. 22, 2025), https://www.justice.gov/ag/media/1402396/dl; Memorandum from Brett A. Shumate, Assistant Attorney General to All Civil Division Employees, *Civil Division Enforcement Priorities,* U.S. Dep't of Just., Civ. Div. (June 11, 2025), https://www.justice.gov/civil/media/1404046/dl.

at Main Justice.   To the best of counsel's knowledge, no attorney for any United States Attorney's Office, including the Northern District of Texas, identified themselves on any call or attended any of those meetings.

Almost a year ago, on July 7, 2025, CHOP moved to limit the Subpoena to the extent that it called for the health information of CHOP patients, including those who sought treatment for gender dysphoria. CHOP explained that, in seeking such information, the Subpoena violated the privacy rights of CHOP patients and failed to account for the special character of the records sought.   Specifically, CHOP asked the Court to exclude from the scope of the Subpoena:

- Request 11: "[d]ocuments sufficient to identify each patient (by name, date of birth, social security number, address, and parent/guardian information) who was prescribed puberty blockers or hormone therapy."

- Request 12: "documents relating to the clinical indications, diagnoses, or assessments that formed the basis for prescribing puberty blockers or hormone therapy" "[f]or each such patient identified in [Request 11]."

- Request 13: "[a]ll documents relating to informed consent, patient intake, and parent or guardian authorization for minor patients identified in [Request 11]," "including any disclosures about off-label use (*i.e.*, uses not approved by the United States Food and Drug Administration) and potential risks."

- Any and all other Requests enumerated in the Subpoena (Request 1 through Request 15) to the extent that such Requests or sub-Requests call for the production of health information of CHOP patients.

DOJ filed multiple briefs opposing CHOP's motion.   All of the attorneys who appeared in the case on behalf of DOJ represented that they are based in Washington, D.C.   *See, e.g.*, Doc. 13.

#125625999v1

On November 21, 2025, this Court granted in part and denied in part CHOP's Motion to Limit. The Court found that the records sought by Requests 11 through 13 were not relevant to DOJ's purported investigation into potential violations of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 331, and the Department accordingly lacked statutory authority to seek those records. As an alternative, the Court found that, under the balancing test articulated by the Third Circuit in *United States v. Westinghouse*, 638 F.2d 570 (3d Cir. 1980), the privacy interests of CHOP patients outweighed DOJ's need for the information sought in Requests 11 through 13.

The Court, however, denied CHOP's "broad request to exclude 'any and all other Requests enumerated in the Subpoena (Request 1 through Request 15) to the extent that such Requests or sub-Requests call for the production of health information of [CHOP] patients.'" Op. 12 (citing Motion). The Court's denial was "without prejudice" and with the specific invitation to CHOP to "seek more specific protection if future disputes arise after experienced counsel confer on their obligations." *Id.* DOJ filed a Notice of Appeal to the Third Circuit and their brief on the merits is due today, May 6, 2026.

## ARGUMENT

Since the Court's decision, counsel for CHOP has had several meetings and other communications with DOJ attorneys. As with the earlier interactions with DOJ, all of those meetings and communications included only attorneys based at Main Justice in Washington, D.C. CHOP continues to make productions of additional materials to DOJ in response to Requests not encompassed by this Court's order. As this Court anticipated, Op. 12, disputes may arise with respect to certain responsive materials, including but not limited to information regarding patient health information. This Court's Opinion and Order, and the authorities cited therein, should govern resolution of those disputes.

3

#125625999v1

As this Court is aware, CHOP is not the only hospital to have received a subpoena in connection with DOJ's investigation into gender-affirming healthcare.   Last week, DOJ initiated proceedings to compel compliance by another subpoena recipient, Rhode Island Hospital.   Rather than file its petition to compel production in the District of Rhode Island, where the hospital is located, or in Washington, D.C., where the attorneys leading the investigation are based, DOJ filed in the Northern District of Texas, Fort Worth Division.   *See In the Matter of Administrative Subpoena 25-1431-032*, No. 4-26-mc-006, ECF 1 (N.D. Tex. filed Apr. 30, 2026).   Citing the jurisdictional requirements of 18 U.S.C. § 3486(c), DOJ indicated that the investigation underlying the subpoena was "being carried out in the Northern District of Texas."   *Id.*   The Court granted DOJ's petition in a matter of hours, without waiting for a response from the hospital.   *See id.*, ECF 2.

Just this morning, DOJ attorneys reached out to counsel for CHOP indicating that DOJ intended to dismiss its appeal, which has been proceeding in the Third Circuit since January and in which DOJ's brief was due today.   That development, along with DOJ's unexplained effort to compel compliance by a Rhode Island hospital in the Northern District of Texas, suggest that DOJ may seek to end-run this Court's jurisdiction over additional issues that arise involving the Subpoena.   In order forestall such forum shopping, CHOP respectfully asks this Court to confirm that it retains jurisdiction over the Subpoena in all respects, including disputes that have not yet come before the Court.   *See, e.g.*, *Law School Admission Council, Inc. v. Tatro*, 153 F. Supp. 3d 714, 725 (E.D. Pa. 2015) (Kearney, J.) (applying "first-filed rule" where application of the rule furthered "sound judicial administration" to allow one court to preside over this subject matter); *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990) (the "first-filed rule encourages sound judicial administration and promotes comity among federal

#125625999v1

courts of equal rank"); *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 456-58 (E.D. Pa. 2013) (applying the "first-filed rule" to two cases sharing a similar subject matter to promote judicial efficiency and comity).

**WHEREFORE**, Respondent respectfully requests that this Court confirm its continuing jurisdiction over all disputes regarding Subpoena No. 25-1431-014.

Respectfully submitted,

Dated: May 6, 2026

 /s/ *Lawrence G. McMichael*
Lawrence G. McMichael, Pa. Id. No. 28550
Timothy J. Ford, Pa. Id. No. 325290
**DILWORTH PAXSON LLP**
1650 Market Street, Suite 1200
Philadelphia, PA 19103
Tel.: (215) 575-7000
Fax: (215) 754-4603
lmcmichael@dilworthlaw.com
tford@dilworthlaw.com

Charles F. Connolly*
**AKIN GUMP STRAUSS HAUER &
FELD LLP**
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, D.C. 20006-1037
Tel.: (202) 887-4070
cconnolly@akingump.com
* *Admitted pro hac vice*

*Attorneys for Respondent,*
*The Children's Hospital of Philadelphia*

5

#125625999v1