### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: SUBPOENA NO. 25-1431-014    :  **MISCELLANEOUS ACTION**

                                         :

                                         :  **NO. 25-39**

## ORDER

**AND NOW**, this 8th day of May 2026, upon considering Respondent's Motion to confirm jurisdiction (ECF 47) not compliant with our Policies (IV., B.) and recognizing jurisdiction to address Respondent's Motion remains with our Court of Appeals absent an Order dismissing or otherwise disposing of the appeal, it is **ORDERED** Respondent's Motion to confirm jurisdiction (ECF 47) is **DENIED** without prejudice to later move compliant with our Policies upon return of jurisdiction from our Court of Appeals and if then warranted as it relates to Respondent.[1]

_____
**KEARNEY, J.**

---

[1] "An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." Fed. R. App. P. 42(b)(2). The United States moved to voluntarily dismiss the appeal under Appellate Rule 42(b). No. 26-1134, ECF 24. But Respondent has not agreed to dismissal and intends to oppose the United States' motion. *Id.* The Circuit Clerk of Court has not entered an order dismissing the appeal. The appeal therefore remains pending. Any relief beyond dismissal of the appeal also requires an Order from our Court of Appeals. Fed. R. App. P. 42(b)(3).

We remain divested of jurisdiction until our Court of Appeals enters a mandate remanding the matter to address further issues. The United States' pending motion in our Court of Appeals does not alter the status of our November 21, 2025 Order (ECF 44), which remains in effect unless and until our Court of Appeals orders otherwise. Disputes concerning compliance, enforcement, or relief from our November 21, 2025 Order (ECF 44), as it relates to Respondent and the subpoena seeking compliance in our District, may then proceed before us unless our Court of Appeals directs otherwise.